UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**DEBRA MARLOW**

      **Plaintiff,**

v.

      CIVIL ACTION NO. 3:10CV18

**CHESTERFIELD COUNTY PUBLIC SCHOOLS**
Serve: Michael Packer, Esq.
     Attorney for Chesterfield County Public Schools
     9900 Krause Road
     Chesterfield, VA 23832

and

**CHESTERFIELD COUNTY SCHOOL BOARD**
Serve: Michael Packer, Esq.
     Attorney for Chesterfield County Public Schools
     9900 Krause Road
     Chesterfield, VA 23832

and

**MARCUS NEWSOME, in his official capacity as Superintendent and an agent of Chesterfield County Public Schools and the Chesterfield County School Board**
Serve: Michael Packer, Esq.
     Attorney for Chesterfield County Public Schools
     9900 Krause Road
     Chesterfield, VA 23832

## COMPLAINT

COMES now the plaintiff, Debra Marlow ("Marlow" or "Plaintiff"), by counsel, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and for her Complaint against the defendants, Chesterfield County Public Schools ("CCPS"), the School Board of Chesterfield County (the "School Board"), and Marcus Newsome ("Newsome") (collectively the

1

"Defendants"), upon personal knowledge, information and belief, states as follows:

## INTRODUCTION

1. Plaintiff Marlow brings the instant action for unlawful employment practices by Defendants in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, (ADEA).

## JURISDICTION

2. Federal jurisdiction for bringing actions under the ADEA is proper pursuant to 28 U.S.C. § 1331, as this Court has original jurisdiction of all civil actions arising under the law of the United States.

3. Venue for this cause is proper pursuant to 28 U.S.C § 1391 (b)(1) and (2), and Local Rule 3(C) of the Rules of the United States District Court for the Eastern District of Virginia, since Defendant resides in this district and division (Richmond Division), and it is where the cause of action arose. Local Rule 3(B)(4) states that the County of Chesterfield is designated to be within the Richmond Division of the Eastern District of Virginia, as set forth in 28 U.S.C. § 127.

## PARTIES

4. Defendant CCPS is a political subdivision of a state or an agency or instrumentality of a political subdivision of a state. CCPS employed twenty or more employees during the twenty calendar weeks preceding the allegations herein, and is thus an "employer" subject to suit within the meaning of the 29 U.S.C. § 630 (b).

5. Defendant School Board is a political subdivision of a state or an agency or instrumentality of a political subdivision of a state. The School Board employed twenty or more

employees during the twenty calendar weeks preceding the allegations herein, and is thus an "employer" subject to suit within the meaning of 29 U.S.C. § 630 (b).

6. Defendant Newsome is the Superintendent for the Chesterfield County Public Schools and is being sued in his official capacity as Superintendent. Newsome is an agent of CCPS/School Board and is thus an "employer" subject to suit within the meaning of 29 U.S.C. § 630 (b)(1).

7. Plaintiff Marlow is a protected individual of at least forty years of age within the meaning of 29 U.S.C. § 631. Marlow is an "employee" of Defendants as defined in 29 U.S.C. § 630(f).

## FACTS

8. Marlow is a sixty-year-old female who was hired by CCPS in June 1987 and served in the position of Director of Community Relations and Legislative Liason ("DCR").

9. For twenty-one years Marlow met or exceeded all of CCPS/School Board's legitimate job expectations in her position as DCR. She consistently received excellent performance evaluations from the various superintendents who supervised her since her hire.

10. For the 2008-2009 school year, Marlow's annual monetary compensation was approximately $124,000, plus benefits.

11. Her most recent performance feedback occurred in April 2008, when Newsome evaluated Marlow as a meets or exceeds employee in every evaluation category.

12. On or about April 4, 2008, Newsome announced that Marlow would be transferred to the position of Director of Business and Government Relations ("DBGR") effective July 1, 2008.

13. Prior to July 1, 2008, Marlow opposed the transfer and requested that Newsome eliminate the DBGR position and assign all DBGR duties to Marlow as DCR. Marlow's proposal to eliminate the DBGR position would have saved Chesterfield County approximately $150,000 in salary and benefits. This amount of savings was the salary and benefits that CCPS had been paying to the retiring DBGR whom Ms. Marlow was replacing.

14. Newsome rejected Marlow's request and chose to move forward with her transfer to the DBGR position, which she took over on July 1, 2008.

15. Subsequently, Tim Bullis ("Bullis"), a thirty-seven-year-old male and Marlow's former Assistant DCR, was promoted to replace Marlow as DCR.

16. Upon information and belief, when Marlow was transferred to the DBGR position, Defendants knew or should have known that significant budget cuts would necessitate a reduction in force ("RIF") within the CCPS workforce.

17. Upon information and belief, when Marlow was transferred to the DBGR position, Defendants knew or should have known that the DBGR position would be affected by the pending budget cuts. In fact, it was in 2008 that Defendants began planning a RIF in order to meet the budget cuts for the 2009-2010 school year.

18. On or about January 12, 2009, Newsome informed Marlow that the DGBR position would be eliminated as part of the RIF. This elimination of the DGBR position had been proposed by Marlow and rejected by Defendants approximately eight months earlier, while she was still in the DCR position. The Defendants' elimination of Marlow's DGBR position caused Marlow to lose her 20 year career with CCPS/School Board.

19. Newsome informed Marlow that although her DGBR job was being RIF'ed, she

could accept a demotion to become the Administrator of Communities in Schools ("CIS") with a decrease in pay and benefits. Marlow requested that she not be demoted, but rather that Tim Bullis be demoted from DCR to Assistant DCR, his former position, and that Marlow be placed back into the DCR position which she had successfully held for twenty years.

20. Marlow reasoned that she should not be RIF'ed or demoted because she was more experienced and more qualified for the DCR position than Bullis, and that given her superior qualifications she should be the DCR and Bullis should be demoted to Assistant DCR. In response, Newsome stated, "I am not having two directors, and I want 21st Century communication skills and Tim [Bullis] is better at that."

21. Based on any objective criteria, Marlow has superior communication skills compared with the younger Bullis. Newsome's statement that "Tim is better" is false. In addition to being false, Newsome's statement that "I want 21st Century communication skills and Tim is better at that" displays an age-based bias against the 60 year old Marlow in favor of the 37 year old Bullis. Newsome's statement is a thinly veiled euphemism for favoring a younger DCR. Moreover, Newsome has never informed Marlow of any alleged deficiencies in her communication skills or any other aspect of her performance.

22. On or about January 30, 2009, Newsome sent a letter to Marlow informing her that her DBGR position was being eliminated due to the RIF and that she was being demoted to the position of Administrator of Communities in Schools ("CIS").

23. Had Marlow accepted the demotion to the CIS position, her compensation would have been reduced from $124,000 to $109,250, plus benefits.

24. A demotion also would have had a negative effect on Marlow's retirement benefits.

CCPS has in place a Supplemental Retirement Program (SRP) which pays 175% of the employee's last year's salary. At age 60, Marlow intended on working as DCR until age 65, then retiring with the SRP. A demotion would have reduced her SRP payout significantly. In sum, Marlow's retirement compensation would have been drastically reduced if she had accepted the demotion to CIS.

25. Marlow had no choice but to put in for her immediate retirement in order to avoid being RIF'ed and demoted. She was forced to retire at least five years early in order to avoid the loss of pay and SRP benefits that she would have suffered had she been demoted to CIS. Her forced retirement also caused her to suffer five years of lost income at her DCR salary, plus additional damages to her total retirement benefits with the Virginia Retirement System (VRS).

26. With respect to the RIF, Defendants have a RIF policy that has been in effect for years prior to the RIF implemented in late 2008 and early 2009. As applied to Debra Marlow and Tim Bullis, Defendants did not follow their own RIF policy when eliminating Marlow's position and demoting her rather than Bullis.

## COUNT I - ADEA

27. The allegations set forth above are incorporated by reference as if fully set forth herein.

28. The Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, ("ADEA") was enacted to protect individuals of at least forty years of age from age discrimination in employment.

29. Defendants each fall within the definition of "employer" set forth in the ADEA.

30. The Defendants caused Marlow to suffer adverse employment actions in violation

of the ADEA including but not limited to:

    a. terminating and/or RIF'ing Marlow because of her age;

    b. demoting Marlow to the position of CIS because of her age;

    c. reducing Marlow's compensation because of her age;

    d. altering the terms of Marlow's employment because of her age;

    e. causing Marlow to take early retirement because of her age.

31. Defendants took the above adverse employment actions because of an articulated age-based stereotype preference for younger employees. Specifically, Newsome stated he prefers the younger Bullis because Bullis allegedly was better at "21st Century communication skills." This statement is false, and it is evidence of Newsome's unlawful age bias in violation of the ADEA. But for Marlow's age, Defendants would not have discriminated against her.

32. Despite Newsome's stated reason for preferring thirty-seven-year-old Bullis for the DCR position, Marlow was more experienced and more qualified for the DCR position.

33. As a result of Defendants' unlawful acts, Plaintiff has suffered monetary damages, expenses, loss of compensation and related benefits, and will continue to suffer such losses in the future.

34. Defendants willfully, recklessly and intentionally discriminated against Plaintiff with willful and/or reckless indifference to Plaintiff's rights to be free from discrimination based on protected status as an individual over the age of forty.

## REQUESTED RELIEF

**WHEREFORE,** Plaintiff seeks the fullest relief available under the laws, including but not limited to the following:

a. Compensatory damages;

b. Liquidated damages;

c. Back pay for any lost wages, benefits, or other compensation;

d. Reinstatement to the DCR position, or front pay in lieu of reinstatement;

e. Pre-judgment interest;

f. Reasonable attorneys' fees, and associated expenses and costs related to this action; and

g. Any other monetary or equitable relief allowable by law.

Plaintiff also respectfully requests leave to amend these pleadings and the relief requested as additional evidence and damages may warrant. Finally, Plaintiff respectfully demands a **Trial by Jury**.

Respectfully submitted,
**DEBRA MARLOW**
Plaintiff

By: /s/ Craig Juraj Curwood
Craig Juraj Curwood
VSB No. 43975
Attorney for Plaintiff
Curwood Law Firm
707 E. Main Street, Suite 1025
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777
ccurwood@curwoodlaw.com