## INSTRUCTION NO. 1

Now that you have heard the evidence and the arguments, it is my duty to instruct you about the applicable law. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law whether you agree with it or not.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Likewise, do not consider any statement that I have made in the course of trial or make in the instructions as an indication that I have any opinion about the facts of this case. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences. You took an oath promising to do so at the beginning of the case.

## INSTRUCTION NO. 2

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded by a preponderance of the evidence.

## INSTRUCTION NO. 3

"Establish by a preponderance of the evidence" means to prove that something is more likely than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proven by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

## INSTRUCTION NO. 4

Plaintiff has the burden of proving each and every element of her claim by a preponderance of the evidence. If you find that plaintiff has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant.

## INSTRUCTION NO. 5

Statements and arguments of counsel are not evidence in this case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence regardless of who may have produced them; and all facts which may have been admitted or stipulated.

Any evidence as to which an objection was sustained by the Court, and evidence ordered stricken by the Court, must be entirely disregarded.

## INSTRUCTION NO. 6

Under federal law, an employer may not discriminate against any employee because of that employee's age, when the employee's age is forty years of age or over.

Plaintiff, Debra Marlow, claims that Defendant, Chesterfield County School Board, discriminated against her by implementing an adverse employment action in the elimination of her position under a reduction-in-force initiative and the proposed demotion of her to a lower paying position because of her age.

Defendant denies the claim and contends that it did not discriminate against her because of her age.

## INSTRUCTION NO. 7

In order for the Plaintiff, Debra Marlow, to prevail on her claim against the Defendant, the Chesterfield County School Board, for age discrimination in employment, she must prove the following three essential elements by a preponderance of the evidence:

First: That Plaintiff was forty years of age or older at the time;

Second: That Plaintiff experienced an adverse employment action by the Defendant; and

Third: That Defendant would not have committed the adverse employment action, but for plaintiff's age.

The single fact that Plaintiff was 40 years of age or older and experienced an adverse employment action by the Defendant, is not sufficient, in and of itself, to establish plaintiff's claim. You must also find that her age was a determinative factor in the Defendant's action.

## INSTRUCTION NO. 8

An "adverse employment action" is a significant change in employment status such as hiring, firing, demotion, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.

## INSTRUCTION NO. 9

A "determinative factor" means that plaintiff must prove defendant would not have taken the adverse employment action alleged "but for" plaintiffs age.

Age has to be what we call a "but for" element in the decision. It may not be the only element, but, in order for the Plaintiff to recover, age must be either the basis of the decision or one of the things that, "but for" that circumstance, the adverse employment action would not have occurred. It need not be the only cause, and Plaintiff is not entitled to recover unless age was one of the elements which played a determining part in the decision to implement the adverse employment action affecting the Plaintiff.

## INSTRUCTION NO. 10

Defendant Chesterfield County School Board is a public corporation. A corporation may act only through natural persons as its agents or employees and, in general, any agent or employee of a corporation may bind the corporation by the agent's or employee's actions done and statements made while acting within the scope of agent's or employee's authority as delegated to the agent or employee by the corporation or within the scope of the agent's or employee's duties as an employee of the corporation.

An agent or employee acting outside the agent's or employee's delegated authority or outside the scope of the agent's or employee's duties may not bind the corporation. However, even though an act is forbidden by the law, it may still be within the scope of employment so as to impose liability on the corporation. In deciding whether the act complained of was within the scope of authority, you should consider such factors as where the acts took place and their foreseeability.

The Defendant, the Chesterfield County School Board, is bound by the acts of Superintendent Marcus Newsome if you find that he was principally responsible for an adverse employment action taken against the Plaintiff.

## INSTRUCTION NO. 11

Generally speaking, there are two types of evidence that are generally presented during a trial – direct evidence and indirect evident. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect evidence" is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or indirect evidence. Nor is a greater degree of certainty required of indirect evidence. You are simply required to find the facts in accordance with all the evidence in the case, both direct and indirect.

## INSTRUCTION NO. 12

You are to consider only the evidence in the case. However, you are not limited to the statement of the witnesses. In other words, you are not limited to what you and see hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experiences.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

Case 3:10-cv-00018-DWD Document 67 Filed 11/19/10 Page 13 of 20 PageID# 2652

## INSTRUCTION NO. 13

If a lawyer asks a witness a question which contains an assertion of fact, you may not consider the assertion as evidence of the fact. The lawyers' statements are not evidence. Only the witness' answers are evidence.

INSTRUCTION NO. 14

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it. You may, in short, accept or reject the testimony of any witness in whole or in part.

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness may be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood. After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary. In fact, the testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for proof of any fact, and would justify a verdict in accordance with the testimony, even though a number of witnesses may have testified to the contrary, if after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of that witness.

INSTRUCTION NO. 17

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. Factors that you can consider in determining the weight to give to expert opinion testimony is whether the theory or technique utilized by the expert witness enjoys general acceptance within the relevant field, and the known or potential rate of error in the theory of technique utilized by the expert.

If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

## INSTRUCTION NO. 18

If you find that Defendant unlawfully discriminated against Plaintiff on the basis of Plaintiffs age, then you must determine the amount of damages that Plaintiff has sustained, if any.

That is, you are to award Plaintiff an amount equal to the pay that Plaintiff would have received from Defendant had Plaintiff not experienced the adverse employment action as you may find occurred, from the time that Plaintiff incurred such adverse employment action, if any, until the date of trial.

You should deduct from that sum whatever income Plaintiff may have obtained from other employment during the period, or what you find she should have reasonably obtained.

## INSTRUCTION NO. 19

If you find that plaintiff was discriminated against by defendant on the basis of age, then you must decide whether defendant's conduct was willful. If you find that defendant's violation of the age discrimination law was willful, the court will award plaintiff money damages in addition to the back pay that you have awarded.

A violation is willful if defendant knew its action was a violation of the law, or acted in reckless disregard of that fact. If defendant did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not willful.

## INSTRUCTION NO. 20

If defendant Chesterfield County School Board knew that its adverse employment action involving Debra Marlow's position was a violation of the law, or if defendant acted in reckless disregard of that fact, then its conduct was willful. If defendant did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not willful.

## INSTRUCTION NO. 21

You must follow the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone – including me – how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

Fifth, and finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict(s), your foreperson will fill in the form, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

INSTRUCTION NO. 22

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.